# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DISH NETWORK L.L.C.,**

      **Plaintiff,**

v.                                                    Case No:  6:20-cv-1896-Orl-40DCI

**ALFA TV, INC., HAITHAM MANSI,
HISHAM MANSE IBRAHEM, NEZAR
SAEED HAMMO and MOHAMMED
ABU OUN,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Request for Extending the Time Allocated to File and Answer (Doc. 10)** |
| **FILED:** | **November 6, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On October 14, 2020, Plaintiff filed a Complaint initiating this action against five Defendants: an entity (Alfa TV, Inc.) and five individuals (Haitham Mansi, Hisham Manse Ibrahem, Nezar Saeed Hammo, and Mohammed Abu Oun). Doc. 1.

On November 6, 2020, Mr. Ibrahem filed a Request for Extending the Time Allocated to File and Answer (Doc. 10, hereafter the Motion), in which he represented that he was served with the Complaint "a few days ago" and requested that all Defendants receive an extension to respond

to the Complaint until "the end of January 2021." *Id.* The Motion is due to be denied without prejudice for several reasons.

First, the Motion fails to comply with the conferral and certification requirements of Local Rule 3.01(g), which require Mr. Ibrahem to contact Plaintiff's counsel and confer—in person or by telephone—in a good faith effort to resolve the issue raised in the Motion. If, for example, Plaintiff's counsel agrees to an extension, then the Motion could be refiled as unopposed.

Second, although Mr. Ibrahem may proceed pro se in this case and request an extension for himself, he cannot request relief on behalf of others. The entity (Defendant Alfa TV, Inc.) can only proceed in this Court through counsel (*see* Local Rule 2.03(e)), and Mr. Ibrahem may not request relief on behalf of the other individual Defendants—those individuals must appear through counsel or pro se on their own behalf.

Third, it appears from the docket that no Defendant other than Mr. Ibrahem has been served. So, those other Defendants—again, based on the limited information on the docket—are not yet obligated to respond to the Complaint, and there is thus no basis for an extension. If those other Defendants have been served, they are obligated to respond within the time provided by the Federal Rules of Civil Procedure—and Plaintiff should file returns of service, if they exist, to clarify this issue.

Finally, the denial of the Motion is without prejudice. If Mr. Ibrahem requires additional time to respond to the Complaint, he should comply with the Local Rules of this Court and the Federal Rules of Civil Procedure and file an appropriate motion. However, Mr. Ibrahem is cautioned that he must establish good cause for the extension he requests, and the Court is not inclined to allow an extension as lengthy as that requested in the Motion.

Thus, the Motion (Doc. 10) is **DENIED** without prejudice.

Given the pro se status of Mr. Irbrahem, the Court provides the following additional admonitions:

1. Mr. Ibrahem remains obligated to comply with all pending deadlines and orders in this case and is cautioned that any motion not responded to within the time provided by the rules of this Court will be deemed unopposed and ruled upon without further warning (*see* Local Rule 3.01(b));

2. As a *pro se* litigant, Mr. Ibrahem is subject to the same laws and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Middle District of Florida (the Local Rules).[1]  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989);

3. In particular, if Mr. Ibrahem needs additional time to comply with any deadline set by the Case Management and Scheduling Order (which has not yet been entered), rule, or other order, Mr. Ibrahem must file a motion with the Court seeking an extension of time supported by good cause and, as with all motions, must confer in person or by telephone with opposing counsel prior to filing the motion and certify in the motion that conferral occurred (Local Rule 3.01(g)); and

4. Mr. Ibrahem is cautioned that a failure to comply with this order (or the deadlines in this case set by the rules and orders of this Court) may result in sanctions, an entry of default, and a default judgment.  If Mr. Ibrahem fails to respond to the Complaint within

---

[1] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's office.  The Federal Rules of Civil Procedure are generally available for review at public libraries throughout the country and in the law libraries of state and federal courthouses.

the time provided, the Clerk may enter default upon the filing of a proper Motion, and Mr. Ibrahem may be subject to a default judgment.

5. **The foregoing admonitions apply to all Defendants.**

**ORDERED** in Orlando, Florida on November 9, 2020.

                                                                  _____
                                                                  DANIEL C. IRICK
                                                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties