UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DISH NETWORK L.L.C.,**

      **Plaintiff,**

v.                                    Case No: 6:20-cv-1896-PGB-DCI

**ALFA TV, INC., HAITHAM MANSI,
HISHAM MANSE IBRAHEM, NEZAR
SAEED HAMMO and MOHAMMED
ABU OUN,**

      **Defendants.**

**ORDER**

This matter is before the Court on (1) Plaintiff's short-form motion for discovery sanctions and an order of contempt against Defendants Alfa TV, Inc. and Hisham Manse Ibrahem (Defendants, for purposes of this Order) and (2) Defendants' belated request for an extension of time to respond to that motion.

On June 3, 2021, Plaintiff filed a short-form motion for discovery sanctions and for an order of contempt against Defendants alleging that Defendants failed to comply with the Court's Order compelling them to respond to discovery. Doc. 43 (the Motion for Sanctions).

Defendants failed to timely respond to that motion (or even request an extension) within five days as required by the Standing Order on Discovery Motions.

On June 15, 2021, a new attorney appeared for Defendants. Doc. 45.

The next day, Defendants (through the new attorney) filed a motion for an extension of time to respond to the Motion for Sanctions. Doc. 46 (the Motion for Extension). In the Motion for Extension, Defendants stated that they needed more time to get the new attorney up to speed

on the case, to provide the discovery ordered by the Court, and to otherwise allow the new attorney an opportunity to respond to the Motion for Sanctions. *Id*.

Hiring a new attorney does not restart the clock on responding to a motion—a party cannot create good cause for an extension of time by firing their attorney and hiring a new one once they have allowed a deadline to expire. Thus, the Motion for Extension fails to state good cause for the requested extension.

Nonetheless, the Motion for Sanctions cannot be granted on the record before the Court. First, the issue before the Court is primarily whether the discovery responses (mostly denials of any responsive documents) are true. This is not a situation where Defendants simply failed to respond to the Court's Order. Thus, further development of the record—by hearing, through further briefing, or both—is necessary to resolve this issue. Second, the undersigned lacks statutory authority to hold Defendants in contempt in the manner suggested by the Motion for Sanctions—if the undersigned certified facts constituting contempt, the district judge would then consider the matter and issue any order of contempt. Again, this would require a hearing, further briefing, or both prior to submission to the district judge.

Accordingly, upon due consideration and consistent with the Standing Order on Discovery Motions, the Court will require full briefing by the parties in compliance with Local Rule 3.01, if the Motion for Sanctions is refiled.

It is **ORDERED** that:

1. The Motion for Sanctions (Doc. 43) is **DENIED without prejudice** to allow refiling with full briefing, if necessary. Prior to any re-filing of a fully briefed motion, the parties shall comply with the conferral requirements of Local Rule 3.01(g) by

conferring in person or via telephone in a good faith effort to resolve the issues underlying the Motion for Sanctions without Court intervention.

2. The Motion for an Extension (Doc. 46) is **DENIED as moot**.

**ORDERED** in Orlando, Florida on June 17, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE