# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No: 6:20-cv-1896-PGB-DCI |
| Plaintiff, | |
| v. | |
| ALFA TV INC., HAITHAM MANSI a/k/a Haitham al-Heti, HISHAM MANSE IBRAHEM, NEZAR SAEED HAMMO, and MOHAMMED ABU OUN a/k/a Mohammad Abuoun, individually and together d/b/a ElafnetTV, | |
| Defendants. | |

## DECLARATION OF PETER BERMEUS

I, Peter Bermeus, of Sweden, declare as follows:

1. I make this declaration based on personal knowledge and, if called on to testify, would testify competently as stated herein.

2. I am over the age of 18, not a felon, and I am not a party nor an attorney for any party in this action. I am currently employed as a senior consultant and investigator with Investigation Services Europe AB, where part of my work includes serving process from lawsuits filed abroad on individuals in Sweden.

3. I have worked as a private investigator and process server since 2006. Prior to that I served for eight years as a detective inspector for a county criminal investigation department in Sweden. At the end of March 2021, I was retained to serve, consistent with Swedish law, a copy of the complaint and summons from the above-captioned case on an individual named Haitham Mansi, who I understand is a defendant in that case. As explained below, based on my experience and analysis of Swedish law, service was accomplished on Mansi consistent with the fundamental principles of Swedish law.

1

## Swedish Law

4. Sweden is a civil law state, and service of complaints and summonses for cases filed in Sweden are typically effected by court officials – not private investigators. Indeed, according to Section 1 of the Swedish Act of Service of Process (sw: delgivningslagen, 2010:1932, "The Act"), service can only be made with documents from a court, official, or as otherwise required by law. However, if service is required from abroad, service may be effected in Sweden in accordance with the law of the state in which the lawsuit was filed, provided that it does not violate the fundamental principles of the Swedish legal system, Section 2 of the Act.

5. Pursuant to Section 16-18 of the Act, service should firstly be performed by mail or personal delivery. Secondly, service can be done by leaving the document to another adult member of the intended recipient's household or the intended recipient's employer, according to Sections 34–36 of the Act. If documents are left with a person other than the intended recipient, that person must agree to receive the documents and deliver them to the intended recipient.

6. If the intended recipient, a co-resident, or their employer cannot be found (or are not willing to receive the documents), the documents may be left in the residence or at a place in immediate connection with the residence, such as by the door to the residence or in the mailbox associated with the residence, according to Section 38 of the Act. For service in immediate connection with the residence to constitute proper service, it must be unclear where the intended recipient is, and there also must be a suspicion that the intended recipient has attempted to avoid service.

## Service on Haitham Mansi

7. At or around the beginning of April 2021, I was provided with a copy of the complaint and summons for the above-captioned case, and instructed to serve them on Haitham Mansi.

8. According to a search of official public records conducted on or about April 6, 2021, Haitham Mansi was determined to reside at Rabyvagen 28, apartment number 1401 in Uppsala, Sweden.

9. On April 7, I traveled to Rabyvagen 28, which is a mid-rise apartment building. Attached as **Exhibit 1** is a photograph of the front door of Rabyvagen 28. Mansi and his wife's names were among the names listed adjacent to the doorbells at the entrance to Rabyvagen 28. Attached as **Exhibit 2** is a photograph of the doorbells with Mansi's name listed next to one of the doorbells. The mailboxes for the individual apartments were situated inside the building. Attached as **Exhibit 3** is a photograph of the mailboxes with Mansi's name listed on one of the mailboxes.

10. I proceeded to Mansi's apartment. Attached as **Exhibit 4** is a photograph of the door to Mansi's apartment and the adjacent magazine rack. The name card affixed to the magazine rack read: "Mansi/Haitham/Abdenafi."

11. When I called at the door a man who appeared to be aged 35-40 years opened the door. When I asked for Haitham Mansi, the man confirmed that Mansi lives in the apartment but that he was away and was expected back in a couple weeks. The man said he was Mansi's relative but did not specify their relationship. He did not wish to provide his name or receive the documents intended for Mansi.

12. A few minutes following our exchange, I placed a folder containing a copy of the summons and complaint from the above-captioned case into the mailbox belonging to Haitham Mansi. Attached as **Exhibit 5** are photographs which depict my placing the folder inside Mansi's mailbox.

## Conclusion

13. Because this case was filed abroad, the complaint and summons need not have been served by court personnel. I am not prohibited under Swedish law from serving documents from cases filed abroad such as this case. In fact, for cases filed abroad, unless the documents are served through the Central Authority of

Sweden, the general practice is for such documents to be served by non-court officials such as private investigators.

14. As mentioned above, Swedish law requires that court documents from cases filed abroad be served in accordance with the fundamental principles of Swedish law, which authorizes service at a place in immediate connection with the intended recipient's residence, provided that the intended recipient or their employer cannot be found and there is suspicion the intended recipient has attempted to avoid service.

15. In my opinion, the documents have been served consistent with the fundamental principles of Swedish law. First, the documents were placed in Mansi's mailbox outside his residence, which is a place in immediate connection with his residence. Second, neither Mansi nor his employer could be found and there is suspicion that Mansi has attempted to avoid service. For instance, the co-resident of the apartment refused to accept the documents, suggesting that Mansi may have instructed him to refuse to accept service. Additionally, based on my review of a declaration of DISH's counsel Stephen Ferguson filed in the case (Doc. 38-3 at ¶¶ 2–4), Mansi has also refused to permit his attorneys to accept service on his behalf or otherwise execute a waiver of service. For these reasons, in my opinion, there is a suspicion that Mansi has avoided service in this case, and therefore service in immediate connection with his residence was consistent with the fundamental principles of Swedish law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 06/18, 2021.

_____
Peter Bermeus