# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No: 6:20-cv-1896-PGB-DCI |
| Plaintiff, | |
| v. | |
| ALFA TV INC., HAITHAM MANSI a/k/a Haitham al-Heti, HISHAM MANSE IBRAHEM, NEZAR SAEED HAMMO, and MOHAMMED ABU OUN a/k/a Mohammad Abuoun, individually and together d/b/a ElafnetTV, | |
| Defendants. | |

## DISH NETWORK L.L.C.'S UNOPPOSED RENEWED MOTION FOR COURT-ORDERED SERVICE AND FOR EXTENSION OF TIME TO SERVE MOHAMMED ABU OUN

DISH Network L.L.C. ("DISH") moves for permission to serve Defendant Mohammed Abu Oun a/k/a Mohammad Abuoun ("Abuoun") by alternate means in the Kingdom of Jordan and for an order extending the timeframe for service.

### I. INTRODUCTION

DISH sued Defendants Alfa TV Inc. and its principals Haitham Mansi, Hisham Manse Ibrahem, Nezar Saeed Hammo, and Abuoun for copyright infringement. In October 2020, DISH served Alfa TV, Ibrahem, and Hammo in Florida, and Mansi was served in Sweden in April 2021.

Defendant Abuoun lives in Jordan. The Court denied, without prejudice, DISH's motion for alternative service noting that based on the briefing it could not determine whether the proposed service methods constituted a "substantial

affront" to foreign law. (ECF 40 at 3–4 (quoting *Prewitt Enters., Inc. v. OPEC*, 53 F.3d 916, 926-27 (11th Cir. 2003)).)

This brief includes an English version of the Jordanian Civil Procedure law ("CPL") governing service of process for cases filed in Jordan. The CPL does not expressly permit or prohibit methods of service for cases filed abroad but governs service of process only for cases filed in Jordan. DISH proposes to serve Abuoun by newspaper publication in Jordan, which method is expressly permitted under Jordanian law for cases filed in Jordan. DISH also proposes to serve Abuoun through email, United States counsel, and internet publication, which methods are among the category of methods not expressly prohibited under the CPL and therefore do not constitute a substantial affront to Jordanian law under *Prewitt*.

## II.     ARGUMENT & AUTHORITIES

**A.     The Court Should Authorize Service on Abuoun via Publication in Jordan, Email, United States Counsel, and Publication on the Internet under Rule 4(f)(3).**

Rule 4(f)(3) permits a court to order service on a defendant abroad that is not prohibited by international agreement. *Tracfone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 687–88 (M.D. Fla. 2013). The service must satisfy due process in that it is reasonably calculated to provide the defendant with notice, and an earnest effort should be made to minimize offense to foreign law. *See Prewitt*, 353 F.3d at 927. Even where a particular method directly contravenes an express provision of foreign law, the "facts and circumstances of th[e] case" may still warrant service.

*Id.* at 928 n.21. Use of court-directed means for service is not disfavored and should not be considered extraordinary relief. *Alu, Inc. v. Kupo Co.*, No. 6:06-CV-327ORL28DAB, 2007 WL 177836, at *4–5 (M.D. Fla. Jan. 19, 2007). The district court has wide discretion to liberally approve alternative service. *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011).

DISH's proposed service methods are not prohibited by any international agreement since Jordan is not a member of the Hague Service Convention.[1] Nor do they contravene any express provision of foreign law because Jordanian law does not expressly authorize or prohibit any method of service of cases from abroad. (*See* Ferguson Decl. ¶ 2, Ex. 1, English version of Jordanian Civil Procedure Law (hereafter, "CPL") Arts. 2, 6–10, 12–13, 16; Section II.A.3., *infra*.)

### 1. Service through Publication in Jordan is Proper under Rule 4(f)(3) as Expressly Authorized by Jordanian Law.

The Court should authorize DISH to serve Abuoun through publication of an announcement in two local daily newspapers circulated in Abuoun's city of residence, Irbid, Jordan. (*See* ECF 38–2 (decl. of Jordanian investigator) ¶ 7.) Jordanian law specifically authorizes service through publication for cases filed in Jordan, provided other means of service described in the CPL are "impossible." (CPL Art. 12(1).) DISH need not show the impossibility of other service methods before selecting publication because this case was not filed in Jordan and therefore

---

[1] *See Hague Service Convention,* Status Table (June 17, 2021), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

3

not subject to enforcement by the CPL. (*See* CPL Art. 2 (stating that the CPL service provisions apply only to cases subject to enforcement by the CPL or Jordanian courts).)

DISH can show the impossibility of other service methods even though it need not do so. Abuoun's co-defendants failed to provide a good address for him in response to discovery requests, Abuoun refused to provide the investigator with his address, and DISH has been unable to identify either his residence or work address. (Ferguson Decl. ¶ 3.) Thus, it is virtually impossible that DISH will manage to serve Abuoun through other methods in the CPL because personal service, co-resident service, service by attachment, and service through diplomatic channels all require Abuoun's address. (*See* CPL Arts. 7–9, 13.)

Service through publication is specifically authorized by Jordanian law for cases filed in Jordan and satisfies Constitutional due process. *See Lagayan v. Odeh*, 318 F.R.D. 208, 209–10 (D.D.C. 2016) (authorizing personal service on Jordanian defendant as authorized by the CPL); *Mullane v. C. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950) (authorizing service by publication).

## 2. Service Via Email, United States Counsel, and Internet Publication are Proper under Rule 4(f)(3) as Not Expressly Prohibited under Jordanian Law.

The Court should also authorize DISH to serve Abuoun through email, United States counsel, and publication on the internet. No CPL provision speaks directly as to how or how not to serve a foreign lawsuit in Jordan. Article 2 states

that the procedures for service set out in the CPL apply only to cases governed by the CPL, that is, cases filed in Jordanian courts; and Article 13 specifies that service through diplomatic channels is required only on defendants residing outside Jordan and when the defendant's location is "known." (*See* CPL Arts. 2, 13.) Unlike in *Prewitt*, no provision of Jordanian law expressly prohibits DISH from serving Abuoun through the proposed alternate methods.

### a. Email Service is Proper Because Abuoun Frequently Used it to Communicate.

Courts routinely authorize alternative service through email addresses belonging to the defendant. *See Eady v. Med. Depot, Inc.*, No. 3:17-CV-709-ECM, 2019 WL 1976443, at *2 (M.D. Ala. May 3, 2019) (authorizing service to email address from which defendant communicated with its co-defendant); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012) (authorizing email service on defendant and noting that courts have authorized email service when the plaintiff "confirmed" the defendant's email address and "emails did not automatically bounce back").

DISH proposes to serve Abuoun through the elaftv@gmail.com, showtvusa@gmail.com, 2mabuoun.elafnettv@gmail.com, and m.f.abuoun@gmail.com email addresses, which Abuoun used to communicate with DISH's representatives about this case or were otherwise confirmed through discovery. (Ferguson Decl. ¶ 4.) Service on Abuoun at these emails is reasonably calculated to provide him with notice because DISH confirmed his use of these

5

emails. *See World Media Alliance Label, Inc. v. OOO "Izdatelstvo Jam,"* No. 20-21626-CV-MARTINEZ, 2020 WL 6781523, at *1 (S.D. Fla. June 4, 2020) ("Plaintiffs assert that they have communicated with Defendants via e-mail. Accordingly, the Court finds that Plaintiffs have shown good cause for leave to allow service…via e-mail.")

### b. Service through United States Counsel is Proper Because Abuoun had Recent and Regular Contact with Them.

DISH also proposes to serve Abuoun through Florida counsel Mark Terry and Matthew DeBoard who previously represented Abuoun in settlement negotiations with DISH. Courts have authorized service under Rule 4(f)(3) through a foreign defendant's United States counsel – even, as here, where counsel is not expressly authorized to accept service. *See Aliaga*, 272 F.R.D. at 619–20 (authorizing service on foreign defendants through United States counsel who stated that "he is not authorized to accept service of process on behalf of either defendant"); *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 83 (D.C. Cir. 2014) (collecting cases and stating, "A number of courts thus have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf"); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 931–32 (N.D. Ill. 2009) (permitting substituted service on U.S. attorneys retained by Russian defendants without requiring specific authorization).

6

Shortly after this case was filed, attorneys Terry and DeBoard reached out to DISH to negotiate a global settlement on behalf of all Defendants including Abuoun. (Ferguson Decl. ¶¶ 5–7.) Terry also produced bank statements from Abuoun as part of the discussions, thereby revealing his recent and regular contact with him. (*Id.*) It is therefore reasonable to conclude that attorneys Terry and DeBoard have a reliable means of communication with Abuoun. Service through Abuoun's counsel is reasonably calculated to provide Abuoun with notice. *Cf. In re Heckmann Corp. Secs. Litig.*, No. 100-378-LPS-MPT, 2011 WL 5855333, at *4 (D. Del. Nov. 22, 2011) (noting that service through a defendant's former counsel is appropriate and satisfies due process when there is "recent and regular contact").

### c. Service Through Internet Publication is Proper Because this Case Concerns Internet-based Infringement.

DISH also proposes to serve Abuoun by internet publication through Dropbox, a web-based file-sharing service. Dropbox users can upload documents to the internet via Dropbox's servers and those documents may then be viewed and accessed by the public through a shareable URL. *See* Dropbox, *Create and Share Dropbox Links with View-only Access,* https://help.dropbox.com/files-folders/share/view-only-access (last visited July 16, 2021). The complaint and summons are currently available on the internet at https://www.dropbox.com/sh/axi70opb2ildilu/AADyCVbdFio0mxnneUBOQn5

8a?dl=0. As a courtesy, DISH will email Abuoun this link from which he may view and download the complaint and summons.

Courts have authorized service through internet publication in analogous cases when the defendant operated an online, infringing business and cannot otherwise be located and personally served. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store*, No. 18-CV-61590-UU, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) ("The Court concludes that e-mail service and Internet publication are indeed the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses."); *N. Face Apparel Corp. v. 4usedtrailers.com*, No. 18-CV-61329, 2018 WL 4844250, at *3 (S.D. Fla. June 25, 2018) (same); *Taylor Made Golf Co. v. Individuals, P'ships and Unincorporated Assocs. Identified on Sched. "A"*, No. 20-60468-CIV, 2020 WL 3305383, at *2 (S.D. Fla. Apr. 13, 2020) (same).

### 3. DISH Made an Earnest Effort to Devise Methods of Service that Minimize Offense to Foreign Law.

#### a. This Case is Distinguishable from *Prewitt*

The Court denied DISH's original motion for lacking sufficient discussion as to foreign law and DISH's efforts to minimize offense to it. (ECF 40 at 4 n.1.) The Court requested that DISH explain why its proposed methods satisfy the standard in the Eleventh Circuit's *Prewitt* decision. (*Id.*) In *Prewitt*, the plaintiff asked the district court to authorize service by registered mail on OPEC at its headquarters in Austria without its consent, despite there being an Austrian law expressly

8

prohibiting service at OPEC's headquarters without its consent. 353 F.3d at 919-20. The Eleventh Circuit concluded that the request to serve OPEC without its consent was a "substantial affront to Austrian law" because the law was a "[d]irect prohibition of service on OPEC without its consent" and "Austrian law clearly provides protection to OPEC as an international organization from all methods of service of process without its consent." *Id.* at 927–28. Thus, under *Prewitt*, the Court may authorize alternative service, unless it is expressly prohibited by foreign law, and even then, other "facts and circumstances" may warrant service. *See id.* at 928 n. 21.

This case is distinguishable from *Prewitt* because Jordanian law does not expressly authorize or prohibit methods of service of foreign lawsuits. (*See* CPL Art. 2 (stating the service methods set out in the CPL apply only to cases subject to enforcement by the CPL).) This case is governed by the Federal Rules of Civil Procedure – not the CPL – and therefore Jordanian law does not expressly authorize or prohibit any specific method of serving the complaint and summons.

The court in *Lagayan* noted a possible alternative reading of Article 2. That court relied on the declaration of Sharif Ali Zu'bi,[2] a Jordanian attorney, regarding service of lawsuits from abroad in Jordan, and concluded that "one way to read Mr. Zu'bi's affidavit is that, under Jordanian law, the *exclusive* means of serving a complaint filed in the United States against a person residing in Jordan is through diplomatic channels." 318 F.R.D. at 209. The court applied that interpretation

---

[2] *See* Ferguson Decl. ¶ 8, Ex 2 (attaching the complete Zu'bi declaration (hereafter, "Zu'bi Decl.").

9

(without deciding it was correct) and still authorized personal service against the Jordanian defendant, noting personal service minimized offense to foreign law since it was authorized for domestic cases. *Id.* at 210; (*see* CPL Art. 7).[3] Service via publication is therefore appropriate under *Lagayan* and *Prewitt* because the CPL authorizes that method for domestic cases and there is no express prohibition against service of foreign cases through publication.

### b. Jordan Does Not Expressly Prohibit Any Method of Serving a Foreign Lawsuit, and in Any Event, the Proposed Methods Minimize Offense to Foreign Law.

*Lagayan's* presumption that Jordan prohibits all methods of serving foreign lawsuits except through diplomatic channels is incorrect. First, none of the service provisions in the CPL apply to cases filed abroad. (*See* Section II.A.1.) Second, it directly contradicts the meaning of CPL Article 13, which authorizes service through diplomatic channels *only* for defendants in a "foreign country" other than Jordan where their "location…is known."[4] (CPL Art. 13.) Third, Article 16 does *not expressly prohibit* other methods of service not set out in the CPL but states that such "[s]ervice shall be deemed as not taking place." (*Id.* Art. 16.)

The contrast between Austrian law in *Prewitt* and Jordan's Article 16 requires the opposite result here from that reached in *Prewitt*. In *Prewitt*, Austrian

---

[3] *Lagayan* applied precedent from a District of Columbia Circuit case, which cited approvingly to and relied on *Prewitt*, in authorizing personal service. 318 F.R.D. at 209 (citing *Freedom Watch, Inc.*, 766 F.3d at 81–82.)

[4] Abuoun resides in Jordan and his location is unknown.

10

law expressly prohibited service except with the defendant's consent. 353 F.3d at 919-20. Jordanian law by contrast states that a Jordanian court will only recognize as effective a method of service provided in the CPL. (*See id.* Art. 16.) Article 16 is no bar to DISH's proposed alternative service because proper service under Rule 4(f)(3) does not turn on whether it would have been effective were this Court located in Jordan. *See United States ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 116 (D.D.C. July 8, 2013) ("Service by email might be improper if this Court were located in Jordan, but without an international agreement to the contrary, this Court can authorize a plaintiff to serve a defendant by the necessary means per Rule 4(f)(3).").[5]

DISH has made an earnest effort to devise methods of service that minimize offense to foreign law even if the Court were to read the CPL as prohibiting all methods of service of a foreign lawsuit in Jordan except through diplomatic channels. Thus, DISH's proposed methods pass muster under Rule 4(f)(3). *See Prewitt*, 353 F.3d at 928 n.21 (court may authorize service in contravention of foreign law where "facts and circumstances" of case militate in favor).

First, DISH's counsel researched and reviewed Jordanian service of process law and selected methods held not to constitute an affront to foreign law. *See Halliburton*, 952 F. Supp. at 116 (authorizing service on Jordanian defendant by

---

[5] Unlike Rule 4(f)(2)(A), which authorizes service as "prescribed by the foreign country's law," Rule 4(f)(3) asks whether foreign law expressly prohibits the proposed method. *See Prewitt*, 353 F.3d at 926–27. To conflate these two provisions would violate a canon of statutory interpretation. *See* Antonin Scalia & Bryan Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012).

11

email). Second, DISH selected at least two service methods – United States counsel and publication on the internet – that will not to be effected within Jordan's borders, thereby minimizing offense to the Kingdom's territorial sovereignty. Third, public policy strongly favors permitting service through alternative means in this case. Service through diplomatic channels can take up to two years to complete in Jordan and, in any event, is not required here since Abuoun's address is unknown. (Zu'bi Decl. ¶ 34; CPL Art. 13.) Requiring DISH to serve Abuoun through this method would undercut U.S. copyright law protections by preventing DISH from stopping domestic infringement fomented from abroad. The facts here strongly support authorization of DISH's proposed methods.

**B.    The Court Should Extend the Timeframe for Service in Accordance with the Method Authorized.**

The Court should extend the timeframe for service based on the time a particular method will likely require. Of the proposed methods, newspaper publication will take longest to complete. DISH's counsel consulted several sources about publication of a service announcement in two daily newspapers in Irbid, Jordan, but has not received a timeline for publication. (Ferguson Decl. ¶ 9.) DISH therefore requests a 90-day extension to serve Abuoun via publication in Jordan.

The remaining proposed methods of service through email, United States counsel, and internet publication all likely will require only a few days to complete. Other courts have afforded plaintiffs enough time reasonably necessary to serve a defendant in a foreign country. *See, e.g.*, *H2Olquidair of Fla., LLC v. Hendrix*

*Corp.*, No. 06-22591-CIV-SEITZ/MCALILEY, 2007 WL 9706006, at *2, 6 (S.D. Fla. Sept. 25, 2007) (granting plaintiff a period of over 13 months from filing to serve a defendant in China). Good cause exists to extend the service deadline.

### III. CONCLUSION

The Court should grant DISH's renewed motion, authorize alternative means of service on Abuoun, and extend the timeframe for service based on the method authorized. DISH requests that the Court authorize service on Abuoun through publication in two daily newspapers with circulation in Irbid, Jordan; through Abuoun's former attorneys Mark Terry and Matt DeBoard; through email at elaftv@gmail.com, showtvusa@gmail.com, 2mabuoun.elafnettv@gmail.com, and m.f.abuoun@gmail.com; and via publication on the internet through Dropbox.

Dated: July 22, 2021             Respectfully submitted,

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: stephen.ferguson@hnbllc.com

James A. Boatman, Jr. (Trial Counsel)
Florida Bar No. 0130184
BOATMAN RICCI, PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone: (239) 330-1494
Email: jab@boatmanricci.com

Attorneys for Plaintiff DISH Network L.L.C.

## LOCAL RULE 3.01(g) CERTIFICATION

Filing Attorney certifies that he telephonically conferred with counsel for Alfa TV, Ibarahem, Mansi, and Hammo on July 21, 2021, pursuant to Local Rule 3.01(g), and the motion is unopposed.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, I electronically filed this, DISH Network L.L.C.'s Motion for Court-Ordered Service and for Extension of Time to Serve, with the Clerk of the Court using the CM/ECF System, which will send notifications of such filing to the following:

Thomas McDermott
Law Office of Thomas McDermott
901 NW 8th Avenue, Ste. A-6
Gainesville, FL 32601
Telephone: 352-451-4980
Email: mcdermott.lawyer@gmail.com
*Attorney for Defendants Alfa TV Inc., Hisham Manse Ibrahem, Haitham Mansi, and Nezar Saeed Hammo.*

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: stephen.ferguson@hnbllc.com