UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | ) Case No: 6:20-cv-1896-PGB-DCI |
| Plaintiff, | ) |
| v. | ) |
| ALFA TV INC., HAITHAM MANSI a/k/a Haitham al-Heti, HISHAM MANSE IBRAHEM, NEZAR SAEED HAMMO, and MOHAMMED ABU OUN a/k/a Mohammad Abuoun, individually and together d/b/a ElafnetTV, | ) |
| Defendants. | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DEADLINES**

Plaintiff DISH Network L.L.C. ("DISH") moves to extend the deadline for service of process and other upcoming deadlines in the Case Management & Scheduling Order ("CMSO") by six months.[1]

## I. INTRODUCTION

While DISH has diligently prosecuted this case, three exceptional circumstances beyond its control prevent it from serving Abuoun by the Court's deadline and from meeting other deadlines set out in the CMSO. First, the Court has required that Defendant Mohammed Abu Oun a/k/a Mohammad Abuoun ("Abuoun") be served through diplomatic channels, a process that normally takes

---

[1] Defendant Nezar Saeed Hammo ("Hammo") is in bankruptcy and this case is automatically stayed as to him. (*See* Docs. 42–43.) As such, this motion is intended to continue the case *only* as to the non-bankrupt Defendants and does not seek relief from or continue the case against Hammo.

up to two years. The Court issued and DISH forwarded a letter rogatory to the State Department in July 2021 to transmit to Jordanian authorities to serve Abuoun, but the State Department offices responsible for coordinating the process have experienced disruptions in their workflow, increasing the turnaround time on execution of the letter rogatory. Second, Defendants have not produced all of the documents DISH requested or a sworn statement that Defendants promised over four months ago explaining Defendants' claimed limitations on access and control. Third, Defendant Hammo filed for bankruptcy in May, and this case has been stayed as to him for over five months, preventing DISH from completing discovery. Extension of the service of process and CMSO deadlines by six months is therefore warranted.

## II. BACKGROUND

On October 14, 2020, DISH sued Defendants Alfa TV Inc. and its principals Ibrahem, Mansi, Hammo, and Abuoun for copyright infringement. (Doc. 1.) Florida Defendants Alfa TV, Ibrahem, and Hammo answered in December 2020 and Mansi, who lives in Sweden, answered in August 2021.

On March 1, 2021, DISH moved to compel the Florida Defendants to respond to interrogatories and produce responsive documents, which the Court granted, and awarded DISH's attorney's fees. (Docs. 32, 36–37, 39.)

In April 2021, DISH moved to serve Abuoun through alternate means including email. (Doc. 38.) The Court denied the motion because it lacked enough

information to determine whether the proposed service method impermissibly offends Jordanian law. (Docs. 38, 40 at 3–4).

On May 28, Defendant Hammo filed for bankruptcy and the case was automatically stayed as to him. (Docs. 41–42.)

On June 3, DISH moved for contempt against Florida Defendants Alfa TV and Ibrahem for failing to comply with the Court's prior order requiring them to respond to interrogatories and produce documents. (Doc. 43.) The Court denied the motion without prejudice and instructed the parties to further meet and confer on discovery. (Doc. 48.)

On June 10, DISH moved to issue letters rogatory requesting assistance from Jordan in identifying Abuoun's address and serving him, which the Court granted. (Docs. 44, 55.) Nine days after the Court issued the letters, DISH forwarded them to the State Department to transmit to Jordan to serve Abuoun. (Ferguson Decl. ¶ 2, Ex. 1.)

On July 22, DISH renewed its motion to serve Abuoun through alternate means including email. (Doc. 61.) The Court denied the request, stating among other things that based on the record before it, the Court could not find that Jordanian law does not expressly prohibit service of foreign lawsuits in Jordan except through diplomatic channels. (Doc. 63.) The Court, however, granted DISH an additional 90 days to serve Abuoun, or until December 2, 2021.

## III. ARGUMENT & AUTHORITIES

### A. The Court Has Wide Discretion to Extend Deadlines for Good Cause

The Court has wide discretion to modify deadlines for "good cause" prior to the expiration of the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). Under the good cause standard, an extension is warranted when "[t]he schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

While the Court normally grants discovery extensions when the extension does not require modification of other deadlines, such as dispositive motions, the Court will grant an extension for dispositive motions and trial "[w]hen necessary to prevent manifest injustice." (Dkt. 29, CMSO at § II.B.1.)

"[T]he most prominent reason for the good cause standard is to avoid prejudice to the litigants who are already participating in the action...." *Auto-Owners Inc. Co. v. Ace Elec., Inc.*, 648 F. Supp. 2d 1371, 1376 (M.D. Fla. 2009). A timely motion for enlargement of time "[s]hould be liberally granted absent a showing of bad faith...or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017).

### B. The Court Should Extend the Deadlines

While DISH has diligently prosecuted this case, three exceptional circumstances require extension of the service of process and CMSO deadlines.[2]

---

[2] Impending deadlines in this case are as follows: *Plaintiff's Expert Disclosure*: November 1, 2021; *Defendants' Expert Disclosure*: December 1, 201; *Service of process on Abuoun*:

4

First, Abuoun, whose participation is crucial to resolving this case, has not been served; and the Court recently required that he be served through diplomatic channels – a process that can take up to two years to complete under normal circumstances. (*See* Doc. 63.) Second, Defendants have not produced emails and other documents in response to discovery requests or a promised sworn statement on their claimed limitations on access and control. (Ferguson Decl. ¶¶ 5–6, Exs. 4–5.) Defendants' incomplete production has impacted DISH's ability to complete its expert disclosure, conduct depositions, and prepare for dispositive motions. (*Id.* ¶ 7.) Third, Defendant Hammo is in bankruptcy and the case is automatically stayed as to him, which further prevents DISH from completing discovery. (Docs. 41–42.)

### 1. DISH has Experienced Exceptional Delays in Serving Abuoun.

Abuoun is the general manager of Alfa TV, Inc. and resides in Jordan. (Ferguson Decl. ¶ 8, Ex. 6.) When DISH's investigators contacted Alfa TV about the ATN/ElafnetTV streaming service, they spoke with and emailed Abuoun. (Doc. 1 ¶¶ 21, 38–40.) Abuoun assisted DISH's investigators to access DISH's exclusive television channels from the ATN/ElafnetTV streaming service. (*Id.*) The Court acknowledged Abuoun's importance to this case in issuing DISH's letters rogatory in June, calling his participation "crucial to the parties and to the Court in resolving this action." (Doc. 55 at 2.)

---

December 2, 2021; *Discovery*: January 3, 2022; *Dispositive Motions*: February 1, 2022. (*See* Doc. 29.)

DISH has been unsuccessful in serving Abuoun due to circumstances beyond its control. Abuoun's Jordan address is unknown, and his co-defendants – his bosses and coworkers who likely know where he lives or reasonably could locate his address – provided an incorrect address for Abuoun. (*See* Doc. 38 at 5–6.) DISH therefore hired a private investigator in Jordan to locate and personally serve Abuoun, but the investigators failed to locate him. (*Id.*)

Lacking his address and unable to personally serve him, DISH twice moved for leave to serve Abuoun alternatively including through email. (Docs 38, 61.) The Court denied the requests due to the concern such service would offend foreign law. (*See* Doc. 63 at 9–10 n. 4.)

After the Court denied DISH's first motion for alternative service, but before filing the second, DISH requested and the Court granted leave to issue letters rogatory to serve Abuoun through diplomatic channels. (Docs. 44, 55.) Roughly three weeks prior to renewing its motion for alternative service, DISH forwarded the signed letters rogatory to the U.S. Department of State to transmit to Jordan to serve Abuoun. (Ferguson Decl. ¶¶ 2–3, Exs. 1–2.)[3] Service through diplomatic channels is notoriously slow and inefficient – and Jordan is no exception. In its order denying DISH's renewed motion for email service, the Court credited a declaration from a Jordanian law expert who pegged the turnaround time for such a request at two years.[4]

---

[3] Service as directed by the foreign authority in response to a letter rogatory is always permissible. *See* Fed. R. Civ. P. 4(f)(2)(B).

[4] (*See* Doc. 61-2 at 75 ¶ 34 ("Based on my past experience, the forgoing procedure [service

DISH's counsel's office contacted the State Department by phone and email on numerous occasions since issuing the letters rogatory to confirm status. (Ferguson Decl. ¶ 4, Ex. 3.) Most recently on October 25, 2021, a State Department representative emailed DISH's counsel's office apologizing for the delay and stating that due to disruptions in their workflow, they cannot provide the current status of DISH's letters rogatory. (*Id.*) Thus, despite issuing the letters to the State Department over four months ago, DISH cannot confirm whether they have been transmitted to Jordan.

DISH has encountered exceptional delays in serving Abuoun, thus prompting DISH to request leave to serve him by email. However, the Court has required DISH to serve him through diplomatic channels. Because this process can take up to two years to complete under normal circumstances, the Court should extend the service and CMSO deadlines to accommodate this process. Failure to extend the deadlines in accordance with the length of time it will take to serve Abuoun would unfairly prejudice DISH by requiring it to complete discovery and proceed to dipositive motions and trial without testimony and documents from a "crucial" witness. (*See* Doc. 55 at 2.) There is good cause to extend the service and CMSO deadlines by six months.

---

through diplomatic channels] has proven in a number of cases to be impracticable as it typically takes a substantial amount of time (and may take up to two (2) years) to complete.).)

## 2. Defendants Have Not Produced All Responsive Documents.

Defendants also have not produced all documents, emails, and other communications DISH requested. (Ferguson Decl. ¶¶ 5–6, Exs. 4–5.) On March 1, 2021, the Court granted DISH's motion to compel Defendants to respond to interrogatories and to produce documents. (Doc. 36.) On June 3, DISH moved for contempt because Defendants failed to comply with that order and provide discovery concerning their suppliers, resellers, customers, marketing, advertising, or sales. (Doc. 43.) The Court denied the motion, stating that further development of the facts as to Defendants' custody or control of the requested discovery was required, and instructing the parties to further meet and confer. (Doc. 48.)

The crux of the discovery dispute is Defendants' contention that they do not have access to the documents DISH requested. (Ferguson Decl. ¶ 5, Ex. 4.) Defendants claim their website and the business associated with it was run from Jordan, all records are located there, and they do not have access to them. (*Id.*) Defendants claim that if anyone has access to the documents DISH requested it is likely their associate in Jordan, Defendant Abuoun. (*Id.*)

DISH contends Defendants Alfa TV and its principals Ibrahem and Mansi have the practical ability to obtain documents and information from Abuoun, who Defendants admit is Alfa TV's general manager. (*Id.* ¶ 8, Ex. 6.) For example, in December 2020, Defendants' former counsel produced Abuoun's bank statements. (*Id.* ¶ 11.) In June Ibrahem agreed to produce a sworn statement explaining the limitations on his and Alfa TV's access and control of documents. Counsel met and

conferred on several occasions concerning the documents DISH requested and Defendants' agreement to produce this sworn statement, which still has not been produced. (Ferguson Decl. ¶ 6, Ex. 5.)

Despite these meet and confers, there remains significant gaps in Defendants' document production related to Defendants' claimed inability to obtain documents from associates in Jordan. Defendants' failure to provide the sworn statement on access and control that Defendants promised more than four months ago has delayed DISH from renewing its motion for contempt. As such, there is good cause to extend the CMSO deadlines by six months.

### 3. The Case is Currently Stayed As to Bankrupt Defendant Hammo.

Hammo's bankruptcy also prevents DISH from completing discovery. Hammo filed for bankruptcy on May 21, 2021, and this case is stayed as to him. (Docs. 41–42.) Hammo is an important witness to Defendants' infringement. As DISH alleged in the complaint, a prospective reseller spoke with Hammo in April 2018 about apps Defendants were offering to "get around" DISH's exclusive rights, and later reported back to DISH about the discussion. (Doc. 1 ¶¶ 42, 48.)

DISH intends to question Hammo about this April 2018 meeting, among other things; however, the automatic stay currently prohibits DISH from continuing the case against Hammo, including serving him with and compelling discovery. *See* 11 U.S.C. § 362(a).

On August 20, DISH filed an adversary proceeding against Hammo to determine the non-dischargeability of Hammo's debt to DISH and served him one month later. (Ferguson Decl. ¶ 9, Ex. 7.) DISH intends to contact Hammo in the coming weeks to inquire if he will agree to lift the automatic stay as to DISH's claim so that this Court may determine the amount of the claim. If Hammo will not agree to lift the stay, DISH intends to file a motion for relief from the automatic stay in the bankruptcy court. (*Id.* ¶ 10.)

Since May the automatic stay occasioned by Hammo's bankruptcy has prevented DISH from completing discovery as to Hammo. While DISH has taken steps to lift the stay, such as by filing and serving Hammo with an adversary proceeding, the stay can only be lifted in the bankruptcy court. *See* 11 U.S.C. § 362(a); Fed. R. Bankr. P. 4001. As such, there is good cause to extend the CMSO deadlines by six months, which is roughly how long the automatic stay will have prevented DISH from continuing the case and completing discovery as to Hammo.

### IV. CONCLUSION

Although DISH has diligently prosecuted this case, three exceptional circumstances beyond DISH's control – (1) the delay in Abuoun's service, (2) the delay in Defendants' document production and sworn statement on access and control, and (3) Hammo's bankruptcy – have all prevented DISH from meeting the Court's deadlines. Accordingly, the Court should continue the service and CMSO deadlines by six months.

Dated: October 29, 2021              Respectfully submitted,

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  stephen.ferguson@hnbllc.com

James A. Boatman, Jr. (Trial Counsel)
Florida Bar No. 0130184
BOATMAN RICCI, PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Email:  jab@boatmanricci.com

Attorneys for Plaintiff DISH Network L.L.C.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) filing attorney certifies that he telephonically conferred with opposing counsel on October 15, 2021 and sent a follow-up email the same day. Defendants' counsel responded by email on October 25, agreeing to continue the deadlines.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I electronically filed this, Plaintiff's Motion to Extend Deadlines, with the Clerk of the Court using the CM/ECF System, which will send notifications of such filing to the following:

Thomas McDermott
Law Office of Thomas McDermott
901 NW 8th Avenue, Ste. A-6
Gainesville, FL 32601
Telephone: 352-451-4980

Email: mcdermott.lawyer@gmail.com
*Attorney for Defendants Alfa TV Inc., Hisham Manse Ibrahem, Haitham Mansi, and Nezar Saeed Hammo.*

        /s/ Stephen M. Ferguson
        Stephen M. Ferguson (*pro hac vice*)
        HAGAN NOLL & BOYLE LLC
        Two Memorial City Plaza
        820 Gessner, Suite 940
        Houston, Texas 77024
        Telephone: (713) 343-0478
        Facsimile: (713) 758-0146
        Email: stephen.ferguson@hnbllc.com