**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DISH NETWORK L.L.C.,        )    Case No: 6:20-cv-1896-PGB-DCI
)
           Plaintiff,      )
   v.                 )
)
ALFA TV INC., HAITHAM MANSI  )
a/k/a Haitham al-Heti, HISHAM   )
MANSE IBRAHEM, NEZAR SAEED  )
HAMMO, and MOHAMMED ABU   )
OUN a/k/a Mohammad Abuoun,    )
individually and together d/b/a     )
ElafnetTV,                 )
)
)
           Defendants.    )
)

**PLAINTIFF'S SECOND UNOPPOSED MOTION TO EXTEND**
**DEADLINES**

Plaintiff DISH Network L.L.C. ("DISH") moves to extend the deadline to serve Defendant Mohammed Abu Oun and all other deadlines in the Amended Case Management and Scheduling Order (Doc. 66) *except for disclosure of expert reports*, because, among other reasons, the Court-issued letters rogatory to serve Abu Oun through diplomatic channels (Doc. 55) remain unexecuted, as explained more fully below.[1]

## I.    INTRODUCTION & BACKGROUND

In October 2020, DISH sued Defendants Alfa TV Inc. and its principals Ibrahem, Mansi, Hammo, and Abu Oun for copyright infringement for distributing a streaming service that transmits television channels exclusively licensed to DISH

---

[1] Defendant Nezar Saeed Hammo is in bankruptcy and this case is automatically stayed as to him. (*See* Docs. 42–43.) As such, this motion is intended to continue the case *only* as to the non-bankrupt Defendants and does not seek relief from or continue the case against Hammo.

in the United States. (Doc. 1.) Florida Defendants Alfa TV, Ibrahem, and Hammo were promptly served and answered in December 2020, while Mansi was served in Sweden a few months later and answered in August 2021. (Docs. 23, 49, 62.) Abu Oun has not been served.

Ibrahem and Mansi are president and vice president of Alfa TV, respectively, and they recently testified that as Alfa TV's general manager, Abu Oun was the person most responsible for the company's day-to-day operations, such as marketing, sales, and customer service. (Ferguson Decl. ¶¶ 2–3, Ex. 1 at 17:2–4, 22:2–19, 25:3–14, 160:19–161:5, Ex. 2 at 15:16–24, 23:11–14, 35:17–21, 62:13–17.) Both Ibrahem and Mansi were in regular contact with Abu Oun about Alfa TV business; Mansi more so than Ibrahem because for some of the year Mansi resides in Jordan, which is where Abu Oun lives, and Mansi paid Abu Oun his salary. (*Id.* Ex. 1 at 13:22–24, 40:21–41:20, 194:13-25, 282:17-283:12, Ex. 2 at 20:15–24, 25:21–27:3.) Ibrahem lived off Alfa TV's profits while Abu Oun operated the company from abroad. (*Id.* Ex. 2 at 26:23–25, 28:3–12.)

Despite diligent efforts, DISH has been unable to serve Abu Oun because he resides abroad, has avoided service, and refuses to participate in this case. In April 2021, the Court denied DISH's motion to serve Abu Oun through email, stating it lacked enough information to determine whether such service would impermissibly offend Jordanian law. (Docs. 38, 40 at 3–4). In June 2021, the Court granted leave to issue letters rogatory for assistance from Jordan in serving Abu Oun. (Doc 55.) Nine days after the letters were issued, DISH forwarded them to

the State Department to transmit to Jordan to serve Abu Oun. (Ferguson Decl. ¶ 4, Ex. 3.) DISH renewed its motion for alternative service in July 2021 because service through diplomatic channels in Jordan can take up to two years under normal circumstances. (Doc. 61.) The Court denied DISH's renewed motion for alternative service because it could not find that Jordanian law does not expressly prohibit service of foreign lawsuits in Jordan except through diplomatic channels. (Doc. 63.)

The Court has extended the service of process deadline on four prior occasions. (Docs. 28, 40, 63, 65.) Another extension is warranted here for three reasons: (1) to accommodate the timeline for serving Abu Oun in Jordan, (2) to resolve the issue of the Florida Defendants' failure to produce Abu Oun's documents, and (3) to allow additional time for the bankruptcy court to lift the automatic stay in the Hammo bankruptcy, so that DISH can take discovery from him.

## II.    ARGUMENT & AUTHORITIES

### A.    The Court has Wide Discretion to Extend Deadlines for Good Cause.

The Court has wide discretion to modify deadlines for "good cause" before the expiration of the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). Under the good cause standard, an extension is warranted when "[t]he schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); (Doc. 66, Am. Case Mgmt. & Scheduling

Order ("CMSO") at II(B)(2) ("The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery.").)

Discovery extensions requiring modification of other deadlines should be granted "[w]hen necessary to prevent manifest injustice." (CMSO at II(B)(1).) The primary reason to extend deadlines "[i]s to avoid prejudice to litigants who are already participating in the action...." *Auto-Owners Ins. Co. v. Ace Elec., Inc.*, 648 F. Supp. 2d 1371, 1376 (M.D. Fla. 2009). A timely motion for enlargement of time "[s]hould be liberally granted absent a showing of bad faith...or undue prejudice." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017).

## B.   The Court Should Extend Certain Case Deadlines.

DISH has diligently prosecuted this case, including but not limited to:

- serving all Defendants except for Abu Oun, including Mansi in Sweden;

- retaining a process server to serve Abu Oun in Jordan (Doc. 38-2);

- requesting leave to serve Abu Oun through alternative means, including by email and diplomatic channels (Docs. 38, 44, 61); and

- taking Ibrahem and Mansi's depositions concerning document preservation, document production, and Defendants' written discovery responses. (Ferguson Decl. ¶¶ 2–3.)

Discovery cannot be completed unless three circumstances beyond DISH's control are resolved: (1) Abu Oun is served, (2) Defendants produce responsive documents from Abu Oun (or the Court orders measures to cure the prejudice to DISH

4

resulting from the failure to produce such documents), and (3) the automatic stay occasioned by Hammo's bankruptcy is lifted. The Court in November granted a six-month extension of the CMSO deadlines[2] based on these same issues that remain unresolved, warranting another extension. (*See* Docs. 64–65.)

### 1.   The Letters Rogatory to Serve Abu Oun Have Not Been Executed.

Abu Oun operated Defendants' streaming service business from Jordan, which is where he lives. (*See* § I, *supra*.) Testimony and documents from Abu Oun are likely to show that Defendants assisted customers to access DISH's exclusive channels, and are liable for contributory infringement. *See MGM Studios v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement."). The Court acknowledged Abu Oun's primary role in this case in June 2021 in issuing the letters rogatory, calling Abu Oun's participation "[c]rucial to the parties and to the Court in resolving this action." (Doc. 55 at 2.)

Abu Oun has not been served due to circumstances beyond DISH's control. DISH retained a process server in Jordan to serve Abu Oun under local law, but the process server failed to locate and serve him. (*See* Doc. 38 at 5–6.) Unable to personally serve Abu Oun, DISH twice moved for leave to serve him through email. (Docs. 38, 61.) The Court denied those requests because of the concern that such

---

[2] The current deadline to serve Abu Oun is June 2, 2022; and the deadline to complete discovery is July 5, 2022. (Docs. 65–66.) DISH requests an extension of the service of process and all CMSO deadlines *except for expert disclosure*.

service would impermissibly offend Jordanian law. (*See* Doc. 63 at 9–10 n. 4.) The Court granted DISH leave to issue letters rogatory to serve Abu Oun through diplomatic channels after denying DISH's first motion for alternative service. (Doc. 55.) DISH sent the letters rogatory to the State Department in July 2021 to transmit to Jordan along with a cashier's check to cover the fees. (Ferguson Decl. ¶ 4, Ex. 3.) Service through diplomatic channels in Jordan is notoriously slow and inefficient. (*See* Doc. 61-2 at 75 ¶ 34 ("Based on my past experience, the forgoing procedure [service through diplomatic channels] has proven in a number of cases to be impracticable as it typically takes a substantial amount of time (and may take up to two (2) years) to complete.").)

DISH's counsel's office contacted the State Department on several occasions by phone and email to confirm the status of the letters rogatory. (*Id.* ¶ 5, Ex. 4.) In October 2021, the State Department informed DISH that they failed to redeem the check for the fees before the check expired and requested a replacement check. (*Id.* ¶ 6.) In February 2022, after DISH sent a replacement check, the State Department emailed DISH's counsel that it had sent the letters rogatory to the United States embassy in Amman by diplomatic pouch. (*Id.* ¶¶ 5–6, Exs. 4–5.) But on May 19, 2022, the State Department said they misspoke in February, had not in fact sent the letters rogatory to Jordan, and that the replacement check was misplaced and had not been redeemed before it expired. (*Id.* ¶ 5, Ex. 4.) On May 26, 2022, the State Department confirmed it sent the letters rogatory to the United States embassy in Amman to transmit to the Jordanian government. (*Id.*)

Abu Oun is both a party and a "crucial" witness to Defendants' infringement. (*See* Doc. 55 at 2.) Serving Abu Oun in Jordan can take up to two years. (*See* Doc. 61-2 at 75 ¶ 34.) Failure to extend the service of process and other CMSO deadlines to accommodate this time for service would harm DISH by requiring it to have to complete discovery and proceed to dipositive motions and trial without testimony and documents from a "crucial" party witness. There is good cause to extend the CMSO deadlines by six months because additional time is needed to serve Abu Oun.

### 2.     Defendants Have Not Produced Responsive Documents.

The Florida Defendants have produced no documents from their employee Abu Oun, specifically his communications with Defendants' suppliers, resellers, and customers. In March 2021, the Court ordered the Florida Defendants to respond to DISH's discovery requests. (Doc. 36.) In June 2021, DISH moved for sanctions because the Florida Defendants still had not produced Abu Oun's documents. (Doc. 43.) But the Court denied the motion, determining that further development of the facts about the Florida Defendants' efforts to secure documents from Abu Oun was required before it could make a decision. (Doc. 48.) The crux of the discovery dispute is that the Florida Defendants claim they have no access to Abu Oun's documents and Abu Oun will not produce them.

In May 2022, Ibrahem and Mansi testified that they made no effort – at any time – to collect documents from Abu Oun and that in their opinion he will not participate in the case. (Ferguson Decl. ¶¶ 2–3, Ex. 1 at 304:2–25, 308:24–310:20,

Ex. 2 at 131:4–21, 133:5–135:12.) The Florida Defendants' failure to preserve and collect Abu Oun's documents after the case was filed, combined with Abu Oun's refusal to participate from abroad – despite his obligation to do so as the general manager of the Florida corporate defendant – is a form of spoliation worthy of sanctions. *See Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 473 (S.D Fla. 2011) ("The fact that the documents are situated in a foreign country does not bar their discovery….Defendant cannot be allowed to shield crucial documents from discovery…merely by storing them…abroad…if defendant could so easily evade discovery, every United States company would have a foreign affiliate for storing sensitive documents."). DISH cannot obtain documents comparable to Abu Oun's from another source because there is no employee of comparable status to Abu Oun. (*See* § II.B.1, *supra*.) There is good cause to extend the CMSO deadlines by six months because Defendants have not produced responsive documents from Abu Oun.

### 3. This Case is Still Stayed as to Bankrupt Defendant Hammo.

The automatic stay occasioned by Hammo's bankruptcy prevents DISH from completing discovery by the current deadline. (*See* Docs. 41–42.) Hammo, like Abu Oun, is an important witness to Defendants' infringement. In April 2018, Hammo spoke with a prospective reseller about streaming apps Defendants were offering to "get around" DISH's exclusive rights. (Doc. 1 ¶¶ 42, 48.) DISH intends to depose Hammo about this April 2018 meeting after the stay is lifted.

In August 2021, DISH filed an adversary proceeding against Hammo in the bankruptcy court to determine the non-dischargeability of Hammo's debt to DISH. (Ferguson Decl. ¶ 7, Ex. 6.) Hammo failed to answer, his default was entered, and a hearing is scheduled in the bankruptcy court for June 7, 2022 to discuss entry of final judgment. (*Id*.) The automatic stay can be lifted only in the bankruptcy court. *See* 11 U.S.C. § 362(a); Fed. R. Bankr. P. 4001. There is good cause to extend the CMSO deadlines by six months, allowing more time to resolve the bankruptcy and lift the automatic stay, so that DISH may obtain discovery from Hammo.

## III.   CONCLUSION

There is good cause to extend the deadline to serve Abu Oun and all other CMSO deadlines, except for disclosure of expert reports, by six months because additional time is needed to serve Abu Oun, Defendants have not produced Abu Oun's documents, and the automatic stay from Hammo's bankruptcy is still in effect.

Dated: June 2, 2022                Respectfully submitted,


                        /s/ Stephen M. Ferguson
                        Stephen M. Ferguson (*pro hac vice*)
                        HAGAN NOLL & BOYLE LLC
                        Two Memorial City Plaza
                        820 Gessner, Suite 940
                        Houston, Texas 77024
                        Telephone:  (713) 343-0478
                        Facsimile:  (713) 758-0146
                        Email:  stephen.ferguson@hnbllc.com

                        James A. Boatman, Jr. (Trial Counsel)
                        Florida Bar No. 0130184
                        BOATMAN RICCI, PA
                        3021 Airport-Pulling Road North, Suite 202
                        Naples, Florida 34105

Telephone:  (239) 330-1494
Email:  jab@boatmanricci.com

Attorneys for Plaintiff DISH Network L.L.C.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) filing attorney certifies that DISH's counsel conferred with Defendants' counsel on May 26, 2022, and Defendants' counsel agrees to the relief sought in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2022, I electronically filed this, Plaintiff's Second Unopposed Motion to Extend Deadlines, with the Clerk of the Court using the CM/ECF System, which will send notifications of such filing to the following:

Thomas McDermott
Law Office of Thomas McDermott
901 NW 8th Avenue, Ste. A-6
Gainesville, FL 32601
Telephone: 352-451-4980
Email: mcdermott.lawyer@gmail.com
*Attorney for Defendants Alfa TV Inc., Hisham Manse Ibrahem, Haitham Mansi, and Nezar Saeed Hammo.*

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: stephen.ferguson@hnbllc.com